United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-41079
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEALED APPELLANT 1,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont
USDC No. 1:03-CR-67-12-RHC
_____

Before JOLLY, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The plea agreement in this case did not bar the instant appeal because of representations made in open court that were inconsistent with the written agreement. Consequently, we will review the Booker error that was preserved at sentencing.

It is evident that the sentence, which was imposed under a mandatory guidelines regime, constituted a Sixth Amendment violation under the teachings of United States v. Booker, 125 S.Ct. 738 (2005). Because Sealed Appellant 1 preserved this error in the district court, the question before us is whether the error was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harmless beyond a reasonable doubt.  See United States v. Pineiro,
410 F.3d 282, 284 (5th Cir. 2005).  We hold that the error was
harmless beyond a reasonable doubt because even if the error were
cured, the sentence would be the same.  We say this because the
district court made this point explicitly clear when it said:

> The court will also note that in the event
> that a higher court rules that the Sentencing
> Guidelines, as some courts out west have
> ruled, are completely invalid, that in that
> case, the court would impose the same sentence
> basically for the reasons set out since the
> statutory provisions are up to 20 years, and
> this is within that amount.  Based on the
> amount of drugs involved, based upon the
> criminal history, based upon his role in the
> conspiracy, the court would find that, in its
> discretion, the same sentence of 86 months
> would be appropriate.

Based on the above statement, we find the error harmless
beyond a reasonable doubt.  Accordingly, the sentence is

AFFIRMED.